UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**FILED**
JAMES J. VILT, JR. - CLERK

MAR - 3 2026

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES OF AMERICA

v.

**NEDRA YOUNG**

INFORMATION

NO. 3:26-CR-27-CHB

18 U.S.C. § 982(a)(2)(A)
18 U.S.C. § 1344(1)

The United States Attorney charges:

## COUNT 1
*(Bank Fraud)*

On or about September 19, 2019, in the Western District of Kentucky, Jefferson County, Kentucky, defendant **NEDRA YOUNG** knowingly executed and attempted to execute a scheme and artifice to defraud Financial Institution 1, a federally insured financial institution, and to obtain money, funds, credits and assets owned by and under the custody and control of Financial Institution 1, by means of false and fraudulent pretenses, representations and promises, to wit: **NEDRA YOUNG**, in her capacity as an officer of Financial Institution 1, processed a $27,500 loan for Victim 1, a member of the credit union and the actual borrower on the loan, causing a $1,000 check, purportedly to the benefit of the borrower, to be issued from the loan proceeds without the knowledge or consent of the borrower. **NEDRA YOUNG** fraudulently endorsed and deposited the check and used the illicit proceeds to benefit her and her family members.

In violation of Title 18, United States Code, Section 1344(1).

1

The United States Attorney further charges:

## COUNT 2
*(Bank Fraud)*

On or about June 7, 2019, in the Western District of Kentucky, Jefferson County, Kentucky, defendant **NEDRA YOUNG** knowingly executed and attempted to execute a scheme and artifice to defraud Financial Institution 1, a federally insured financial institution, and to obtain money, funds, credits and assets owned by and under the custody and control of Financial Institution 1, by means of false and fraudulent pretenses, representations and promises, to wit: **NEDRA YOUNG**, in her capacity as an officer of Financial Institution 1, processed a $25,000 loan for Victim 2, a member of the credit union and the actual borrower on the loan, causing three checks totaling $1,000, purportedly to the benefit of the borrower, to be issued from the loan proceeds without the knowledge or consent of the borrower. **NEDRA YOUNG** fraudulently endorsed and/or misapplied the checks to benefit her and her family members.

In violation of Title 18, United States Code, Section 1344(1).

The United States Attorney further charges:

## COUNT 3
*(Bank Fraud)*

On or about May 30, 2019, in the Western District of Kentucky, Jefferson County, Kentucky, defendant **NEDRA YOUNG** knowingly executed and attempted to execute a scheme and artifice to defraud Financial Institution 1, a federally insured financial institution, and to obtain money, funds, credits and assets owned by and under the custody and control of Financial Institution 1, by means of false and fraudulent pretenses, representations and promises, to wit: **NEDRA YOUNG**, in her capacity as an officer of Financial Institution 1, processed a $13,750

loan for Victim 3, a member of the credit union and the actual borrower on the loan, causing payments of $2,042.30, purportedly to the benefit of the borrower and derived from the loan proceeds, to be applied to service the debts of **NEDRA YOUNG** and her family members, without the knowledge or consent of the borrower.

In violation of Title 18, United States Code, Section 1344(1).

## NOTICE OF FORFEITURE

As a result of committing violations of Title 18, United Sates Code, Section 1344, as alleged in this Information, defendant **NEDRA YOUNG** shall forfeit to the United States any and all property, real and personal, that constitutes or is derived, directly and indirectly, from proceeds obtained as a result of these offenses, pursuant to Title 18, United States Code, Section 982(a)(2)(A).

*[signature]*

KYLE G. BUMGARNER
UNITED STATES ATTORNEY

KMB:CEK

UNITED STATES OF AMERICA v. **NEDRA YOUNG**

## PENALTIES

Counts 1-3: NM 30 yrs./$1,000,000/both/NM 3 yrs. Supervised Release (each Count)
Forfeiture

## NOTICE

**ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.**

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

| | | | |
|---|---|---|---|
| Misdemeanor: | $ 25 per count/individual<br>$125 per count/other | Felony: | $100 per count/individual<br>$400 per count/other |

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due <u>immediately</u> unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following**:

1. **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

    For offenses occurring after December 12, 1987:

    No **INTEREST** will accrue on fines under $2,500.00.

    **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

    **PENALTIES** of:

    10% of fine balance if payment more than 30 days late.

    15% of fine balance if payment more than 90 days late.

2. Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3. Continuous **GARNISHMENT** may apply until your fine is paid.

    18 U.S.C. §§ 3612, 3613

    If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law. 18 U.S.C. § 3663

APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1. That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2. Give bond for payment thereof.

18 U.S.C. § 3572(g)

PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U.S. District Court and delivered to the appropriate division office listed below:

LOUISVILLE:
Clerk, U.S. District Court
106 Gene Snyder U.S. Courthouse
601 West Broadway
Louisville, KY 40202
502/625-3500

BOWLING GREEN:
Clerk, U.S. District Court
120 Federal Building
241 East Main Street
Bowling Green, KY 42101
270/393-2500

OWENSBORO:
Clerk, U.S. District Court
126 Federal Building
423 Frederica
Owensboro, KY 42301
270/689-4400

PADUCAH:
Clerk, U.S. District Court
127 Federal Building
501 Broadway
Paducah, KY 42001
270/415-6400

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.